## UNITED STATES v. JACQUES.

*(Circuit Court, S. D. New York. April 13, 1893.)*

ELECTIONS—FRAUDULENT REGISTRATION—DEFECTIVE INDICTMENT.

> An indictment under Rev. St. § 5512, against a voter, for fraudulent registration, in falsely stating his place of residence, is fatally defective in failing to aver that such statement was made to the inspectors of election at the time of registration.

At Law. Indictment against Zachariah Jacques for fraudulent registration. Demurrer to indictment sustained.

John O. Mott, Asst. U. S. Atty.
Henry D. Hotchkiss, for defendant.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the indictment. The indictment is found under

section 5512, by which it is made an offense against the United States for any person to fraudulently register at a registration of voters for election of representative in congress. The portion of the indictment here in question charges that the defendant did "unlawfully, knowingly, and fraudulently register as a voter at the place of registry in the third election district of the twenty-seventh assembly district in the city of New York, he, the said Zachariah Jacques, then and there not having a lawful right so to do, which said registration was then and there false and fraudulent, in this: that said Zachariah Jacques, at the time he so registered as aforesaid, stated that his residence was at Randall's Island Hospital, New York city, whereas, in truth and in fact, as he, the said Zachariah Jacques, then and there well knew, he, the said Zachariah Jacques, had no residence at Randall's Island Hospital, New York city, which entitled him to register as a voter, as aforesaid." To this averment, two objections were taken: First, that it is fatally defective because the false statement alleged to have been made by the defendant is not charged as having been made under oath; a statement to the inspectors of election, under oath, being required of every applicant for registration in the city of New York, by the law of the state of New York. The second ground of objection is, it is nowhere averred that the statement was made to the inspectors of election.

Without passing upon the first objection, I am of the opinion that the indictment must be held bad for omitting to aver that the false statement set forth was a statement made to the inspectors of election. The indictment does not say to whom the statement was made. The averment is simply that at the time of registering the defendant made the false statement. For all that appears upon this indictment, the statement might have been made to a policeman or a bystander. This indictment would be proved by evidence showing that, at the time the defendant registered, he falsely stated to a bystander that he resided at Randall's Island, but such a statement would not make the registration fraudulent, within the meaning of the statute.

There must be judgment for the defendant on the demurrer.